UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RICHARD H. DREW,

        Plaintiff,

- against -

WORLDCOM, INC.,

        Defendant.

---

In re WORLDCOM, INC. et al.,

        Debtors.

---

06 Civ. 3407 (JGK)

OPINION AND ORDER

JOHN G. KOELTL, District Judge:

The claimant, Richard H. Drew ("Drew"), moves to withdraw a reference to the United States Bankruptcy Court for the Southern District of New York in In re WorldCom, Inc. et al., Chapter 11 Case No. 02-13533.[1] For the following reasons, the motion is **denied**.

I.

Drew initially filed a suit against MCI WorldCom Management Company, Inc., an affiliate of the defendant,

---

[1] In the Southern District of New York, all cases or proceedings arising under Title 11 of the Bankruptcy Code or relating to cases under Title 11 of the Bankruptcy Code, are automatically referred to the Bankruptcy Court in this district under a General Reference Order issued July 10, 1984 pursuant to 28 U.S.C. § 157(a). See Federal Ins. Co. v. Sheldon, 167 B.R. 15, 18-19 (S.D.N.Y. 1994).

1

WorldCom, Inc. (collectively "MCI") in state court in Texas in May 1999. That action was removed to the United States District Court for the Northern District of Texas, Dallas Division (Barbara M.G. Lynn, J.), which dismissed the case without prejudice on February 21, 2001 after determining that the case required resolution of a tariff issue within the exclusive jurisdiction of the Federal Communications Commission (the "FCC"). Shortly thereafter, Drew filed a complaint with the FCC.

In July 2002, MCI commenced proceedings under Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 1101 et seq., in the United States Bankruptcy Court for the Southern District of New York. In January 2003, Drew filed a proof of claim in the bankruptcy action, based on allegations that MCI improperly overcharged Drew and others for Federal Universal Services Fees ("FUSF"). MCI objected in the Bankruptcy Court to Drew's claim in October 2004, and Drew filed a response to MCI's claim objection. In that response, Drew conceded that the bankruptcy court had jurisdiction over the claim and that the claim objection was a "core proceeding" within the meaning of 28 U.S.C. § 157(b).[2]

---

[2] 28 U.S.C. § 157(b)(1) provides that "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under

Discovery was conducted on Drew's bankruptcy claim between September 2005 and March 2006. On April 5, 2006, MCI filed a motion for summary judgment on that claim and a motion to deny class certification.

On April 26, 2006, Drew filed with the Bankruptcy Court his motion to withdraw this Court's automatic reference to that Court.[3] Local Bankruptcy Rule 5011-1 of the Southern District of New York requires that, after filing a motion to withdraw reference in the Bankruptcy Court, the moving party file the motion in the District Court and notify the Bankruptcy Court of the district judge and index number assigned to the action. Thereafter, all papers on the motion are filed in the district court, which must decide the motion.

## II.

A motion to withdraw a reference in a bankruptcy case is governed by 28 U.S.C. § 157(d). That subsection both empowers the district court to withdraw the reference, in its discretion, "for cause shown," and requires the district court to do so where it finds that resolution of the proceeding before the Bankruptcy Court requires consideration of federal laws other than

---

section 158 of this title." 28 U.S.C. § 157(b)(2) defines the term "core proceeding."

[3] See supra note 1.

3

Title 11 of the Bankruptcy Code that regulate organizations or activities affecting interstate commerce.[4] Drew asserts that this Court is required to withdraw the reference to the Bankruptcy Court because resolution of the proceeding requires consideration of, the Federal False Claims Act, 31 U.S.C. § 3729, in addition to Title 11 of the Bankruptcy Code. Drew further argues that, in the alternative, the Court should exercise its discretion under Section 157(d) to withdraw the reference for good cause. (Mot. to Withdraw Reference, ¶¶ 9-12.) MCI argues that, under the express language of 28 U.S.C. § 157(d), a motion for withdrawal of reference must be timely regardless of whether the withdrawal in question is discretionary or mandatory, and that Drew's motion is not timely. MCI further argues that neither mandatory nor discretionary withdrawal of the reference is appropriate in this case. It is unnecessary to reach the questions of whether mandatory or discretionary withdrawal of the bankruptcy reference is warranted because the Court agrees that Drew's motion is not timely.

### III.

"There is no specific time limit for applications under 28 U.S.C. § 157(d) to withdraw a reference to the bankruptcy

---

[4] 28 U.S.C. § 157(d) provides in full: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

4

court...." Lone Star Indust., Inc. v. Rankin County Econ. Dev. Dist. (In re New York Trap Rock Corp.), 158 B.R. 574, 577 (S.D.N.Y. 1993); see also The Singer Co., B.V. v. Groz-Beckert KG (In re The Singer Co., N.V.), No. 01 Civ. 0165, 2002 WL 243779, at *4 (S.D.N.Y. Feb. 20, 2002) (citations omitted) (same). In situations such as a motion to withdraw a bankruptcy reference, where "timeliness is not governed by a specific timetable," the Court must assess timeliness in the context of the parties' interactions throughout the course of the litigation in the Bankruptcy Court. Lone Star Indust., 158 B.R. at 577. Therefore, "courts in this Circuit have defined 'timely' to mean 'as soon as possible after the moving party has notice of the grounds for withdrawing the reference.'" Official Comm. of Unsecured Creditors of FMI Forwarding Co., Inc. v. Union Transp. Corp. (In re FMI Forwarding Co., Inc.), No. 04 Civ. 630, 2005 WL 147298, at *6 (S.D.N.Y. Jan. 24, 2005) (quoting Kentile Floors, Inc. v. Congoleum Corp. (In re Kentile Floors, Inc.), No. 95 Civ. 2470, 1995 WL 479512, at *2 (S.D.N.Y. Aug. 10, 1995)).

Based on the particular circumstances at issue, a delay that is acceptable in one case may not be acceptable in another case. Id.; compare Connolly v. Bidermann Indust. U.S.A., Inc., No. 95 Civ. 1791, 1996 WL 325575, at *3

5

(S.D.N.Y. June 13, 1996) (finding untimely a motion to withdraw reference filed after a delay of eight months), with Kentile Floors, Inc. v. Congoleum Corp. (In re Kentile Floors, Inc.), No. 95 Civ. 2470, 1995 WL 479512, at *2 (Aug. 10, 1995) (finding timely a motion to withdraw reference filed after a delay of nine months where the parties had been in mediation for several months and the motion was filed promptly after mediation was abandoned). It is clear, however, that "[d]elay for tactical reasons, prejudicial to the opposing party or the administration of justice, can be grounds for denying" a withdrawal motion. Lone Star Indust., 158 B.R. at 577; see also FMI Forwarding Co., 2005 WL 147298 at *6-7; The Singer Co., 2002 WL 243779 at *4.

In this case, over eighteen months elapsed between October 14, 2004, when MCI filed its objection to Drew's claim, and April 26, 2006, when Drew filed the motion to withdraw the reference in the Bankruptcy Court. On numerous occasions, courts in this district have held motions to withdraw untimely when made after delays of similar, or even shorter, duration. See, e.g., FMI Forwarding Co., 2005 WL 147298 at *7 (finding untimely a motion to withdraw reference made eighteen months, exclusive of time spent in mediation, after the moving party became aware of the grounds for the motion); Connolly, 1996 WL 325575 at *3

6

(finding untimely a motion to withdraw reference filed after a delay of eight months); Lone Star Indust., 158 B.R. at 577 (finding untimely a motion to withdraw reference filed after a "short" period of three months where the circumstances strongly indicated forum shopping).

There is no legitimate justification for the length of the delay in this case. The Bankruptcy Court entered a scheduling order and the parties engaged in discovery in the Bankruptcy Court. There is no indication that the parties in this case spent several months seeking to resolve their dispute through mediation, as did the parties in Kentile Floors, such that a significant portion of the eighteen month period should be excluded from the delay attributable to Drew. Moreover, the timing of Drew's motion to withdraw the reference gives rise to a strong inference that he is attempting to forum shop. The motion was filed in the Bankruptcy Court, and then in this Court, only three weeks after MCI moved in the Bankruptcy Court for summary judgment and for an order denying class certification.

Drew's assertions on this motion also directly conflict with his representations in 2004, in his response to MCI's objection to his claim, that the Bankruptcy Court had jurisdiction over the objection and that the claim objection was a "core proceeding" under 28 U.S.C. § 157(b). This

contradiction provides further support for the inference that the motion to withdraw the reference is motivated by a desire to obtain what Drew hopes will be a more favorable forum for litigation of the substantive motions currently pending in the Bankruptcy Court.

In the context of this litigation, therefore, Drew's motion to withdraw reference to the Bankruptcy Court, filed eighteen months after he became aware of MCI's objection to his claim, "does not meet the threshold requirement set forth in 28 U.S.C. § 157(d)" that such a motion be timely. Connolly, 1996 WL 325575 at *3.

## CONCLUSION

For the reasons explained above, Drew's motion to withdraw the reference to the Bankruptcy Court is **denied**. **SO ORDERED.**

Dated: New York, New York
July 24, 2006

John G. Koeltl
United States District Judge